Patrick D Martin

Plaintiff

13-274-KD-C

VS.

Ingalls Shipbuilding

FILED MAY 23 '13 AM 11:56 USDCALS

1. Grounds for jurisdiction:

Plaintiff, Patrick D Martin is a US Citizen of the United States (Alabama) and the Defendant Ingalls Shipbuilding is Incorporated and Principal Place of Business in Another State (Mississippi).

2. Plaintiffs Name

Patrick Darryl Martin

3063 Aspen Drive

Mobile, Alabama 36693

3. Defendants Name

Ingalls Shipbuilding

1000 Access Road

Pascagoula, Mississippi 39567

4. Legal Claim

Plaintiff is filling this suit for Wrongful Termination which occurred on August 13, 2013. I contend that Ingalls violated Federal, State and their own written policies. I also have a Right to Sue Letter from the EEOC Case Number 425-2012-01009.

5. Statement of Case

On August 13, 2012 the defendant, after returning from a weeks' vacation, I received a phone call from General Superintendent Terry Barnes informing me to meet him at HR at 06:30am. Once there I was informed that there were complaints about the treatment of employees who reported to me. It was stated to me that there were complaints against me and that an investigation was conducted while I was on vacation and that Ingalls had determined that the accusation against me was creditable. Therefore I was to be terminated immediately for misconduct. I contend the defendant didn't allow me due process. The defendant didn't give me proper notification of any wrong doing on my behalf. The defendant didn't afford me proper representation. The defendant did not inform that I was under investigation. The defendant did not allow me to defend myself. The defendant did not allow me to remedy the situation The Defendant did not disclose their procedures used in determining their decision to terminate me. The defendant based their decision on personnel not trained in investigation procedures. The defendant upon review from the EEOC gave a different account of why I was terminated. The defendant should not be allowed to reconstruct their reason for my termination.

6. Requested Remedy

The plaintiff is requesting the defendant to pay compensatory damages in the amount of 1,260,000.00 which is based on projected salary earned at age 65.

The plaintiff is requesting the defendant to pay punitive damages in the amount of 5,000,000.00.

Patrick D Martin May 23, 2013

*Patrick D. Martin*

3063 Aspen Drive

Mobile, Alabama 36693

251-661-6531

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Patrick D. Martin**
    **3063 Aspen Drive**
    **Mobile, AL 36693**

From: **Mobile Local Office**
       **63 S Royal Street**
       **Suite 504**
       **Mobile, AL 36602**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2012-01009 | **Annette M. George,** Investigator | (251) 690-2363 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Erika LaCour*           2-27-13

Enclosures(s)      Erika LaCour, Local Office Director      *(Date Mailed)*

cc:   **HUNTINGTON INGALLS INDUSTRIES**
      **David P. Bendana, Senior Counsel**
      **P.O. Box 50280**
      **Mail Stop 703-1-1**
      **New Orleans, LA 70150-0280**

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*